UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

JOSEPH NORMAN BROWN, III,

    Plaintiff,

v.                                                     CIVIL ACTION NO. 5:20-cv-00332

CORRECTIONAL OFFICER CHAPMAN,

    Defendant

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Joseph Norman Brown, III's, Applications to Proceed Without Prepayment of Fees [Docs. 1, 6], filed May 8, 2020 and June 15, 2020, Motion for Leave to Amend the Amended Complaint [Doc. 20], filed August 18, 2020, and Motion for Leave to Proceed in Forma Pauperis/Affidavit of Indigency [Doc. 23], filed October 5, 2020.

## I.

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). On June 15, 2020, Mr. Brown filed his Amended Complaint seeking relief pursuant to 42 U.S.C. § 1983. [Doc. 5]. Magistrate Judge Aboulhosn filed his PF&R on July 1, 2020, recommending that the Court deny Mr. Brown's Applications to Proceed Without Prepayment of Fees and Costs,

dismiss his Amended Complaint, and remove this matter for the Court's docket. [Doc. 11]. Mr. Brown timely objected to the PF&R on July 24, 2020.[1]

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not, however, conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Mr. Brown objects to the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies. As explained by the Magistrate Judge, while the failure to exhaust is an affirmative defense that must be raised by a defendant, "[a] court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Custis v. Davis*, 851 F.3d. 358, 361 (4th Cir. 2017).

Using this standard, the Magistrate Judge concluded that it was apparent from the face of Mr. Brown's Amended Complaint that he failed to fully exhaust his available administrative remedies. Mr. Brown stated in his Amended Complaint that he submitted a grievance to "Capt. Warden" but received "no response, no follow up, [and] no results." [Doc. 5 at 7 and 16]. Mr. Brown further explained that he then wrote a second grievance to the warden and received "no results." [*Id.*]. Inasmuch as his grievances went "unanswered and unremedied," Mr. Brown explained that he believed "at that time it was all [he] could do." [*Id.* at 17]. Mr. Brown

---

[1] On July 16, 2020, Mr. Brown moved the Court for an extension of time to file objections to the PF&R. [Doc. 15]. The Court granted Mr. Brown's motion and directed that he file his objections by August 4, 2020. [Doc. 16].

states that he "was informed about the 1983 complaint form, and immediately took action about this issue." [*Id.*].

The Magistrate Judge explained that the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA") has a grievance procedure that is outlined in an Inmate Rules and Procedures handbook that is given to each inmate. The Magistrate Judge observed that this grievance procedure permits an inmate to move to the next stage of the grievance process if the inmate submits a grievance but does not receive a timely response. The Magistrate Judge determined that it was apparent from Mr. Brown's Amended Complaint that he failed to proceed to the next level of the grievance procedure when he received no response. The Magistrate Judge thus concluded that Mr. Brown's "Amended Complaint reveals that [he] decided to forego the administrative remedy process after he did not receive a timely response to his initial grievance[s]." [Doc. 11 at 7]. As such, the Magistrate Judge recommended that Mr. Brown's Amended Complaint be dismissed for failure to fully exhaust his administrative remedies.

Mr. Brown objects to this conclusion for three reasons. First, Mr. Brown asserts that the prison officials interfered with his remedy process by improperly instructing him to submit his grievance to the warden of the jail, rather than to the "jail administrator" as required by the WVRJCFA grievance procedure referenced in the Magistrate Judge's PF&R. Mr. Brown does not assert, however, that he was misled in any way to believe that his grievances should be directed to anyone other than the director of the facility, regardless of his or her formal title. Thus, the Court finds this assertion is without merit.

Second, Mr. Brown relies on *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), to support his contention that "administrative remedies are deemed exhausted when a prison official fails to respond to inmate grievances," rendering those remedies unavailable. Mr. Brown's

reliance is misplaced, however, given that the court in *Lewis* explained "that 'to exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim,' including the prison's rules for filing an appeal." *Lewis*, 300 F.3d at 833 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). Inasmuch as the grievance procedure permitted Mr. Brown to proceed to the next level of the administrative remedy process when he did not receive timely responses to his grievances, additional remedies remained available to him that he failed to fully exhaust. *See Veloz v. New York*, 399 F. Supp. 2d 505, 516 (S.D.N.Y. 2004) (finding that the inmate should not be excused from exhausting where the administrative remedy procedure offers available alternative means of exhausting.).

Lastly, Mr. Brown contends that he exhausted all remedies "available" inasmuch as he did not receive an Inmate Rules and Procedures handbook, and he was thus unaware of "any other procedures or remedies available to him." [Doc. 17 at 4]. Specifically, Mr. Brown asserts that the failure to provide him with the handbook "render[s] the grievance procedures de facto unavailable." This contention is meritless, however, inasmuch as "a prisoner's claim that the grievance system was unavailable to him because he lacked full knowledge of the specifics of the grievance process does not excuse or waive a failure to exhaust administrative remedies." *Graham v. Cty. of Gloucester, Va..*, 668 F. Supp. 2d 734, 741 (E.D. Va. 2009) (collecting cases). Furthermore, while Mr. Brown contends that he was not provided a handbook, he makes no allegation that prison officials deliberately withheld or denied his request for the same.

### III.

Based upon the foregoing, the Court **OVERRULES** Mr. Brown's objections [**Doc. 17**], **ADOPTS** the PF&R [**Doc. 11**], **DENIES** Mr. Brown's Applications to Proceed Without

Payment of Fees and Costs [**Docs. 1 and 6**], **DISMISSES** Mr. Brown's Amended Complaint [**Doc. 5**], and **REMOVES** this matter from the Court's docket.[2]

The Court directs the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTERED: October 16, 2020



Frank W. Volk
United States District Judge

---

[2] Given that Mr. Brown's Motion to Amend the Amended Complaint does not cure his failure to fully exhaust his available administrative remedies, the Court **DENIES AS FUTILE** Mr. Brown's Motion for Leave to Amend the Amended Complaint [**Doc. 20**] and his Motion for Leave to Proceed in Forma Pauperis/Affidavit of Indigency [**Doc. 23**].