UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

JOSEPH NORMAN BROWN, III,

      Plaintiff,

v.                            CIVIL ACTION NO. 5:20-cv-00332

BRYCE CHAPMAN,
NICHOLAS BURTON,
MICHAEL FRANCIS,
TYLER PAULEY, and
AMANDA WEBB,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On November 17, 2022, Magistrate Judge Omar J. Aboulhosn granted Plaintiff Joseph Norman Brown, III's Motion to Compel. [Doc. 163]. Defendant Michael Francis, Superintendent of the Southern Regional Jail, timely objected to Magistrate Judge Aboulhosn's Order on December 1, 2022. [Doc. 172]. The matter is ready for adjudication.

### I.

In his "Amended Final Amended Complaint," Mr. Brown raises several Eighth Amendment claims stemming from an altercation with correctional officers at Southern Regional Jail in Beaver, West Virginia. [Doc. 122]. On September 23, 2022, Mr. Brown moved to compel Superintendent Francis to produce any and all policies, directives, or instructions to staff concerning the use of tear gas or other chemical agents and the use of force. [Doc. 117 at 1]. Mr.

Brown argues that the requested documents are necessary to the preparation of his case and that, because he is not in the custody of the West Virginia Division of Corrections and Rehabilitation ("WVDOC"), he is permitted to view them. *Id.* at 2.

Superintendent Francis responded on October 5, 2022, asserting that the relevant document, Policy Directive 303, is restricted under WVDOC policy and consequently cannot be produced. [Doc. 127 at 1-2]. Mr. Brown thereafter filed a reply in support of his motion on October 28, 2022, noting that Superintendent Francis originally objected to disclosure on the ground that Mr. Brown was an inmate and that any concerns about disclosure are mitigated by the protective order in this case. [Docs. 107, 151 at 1-2, 3-4].

Magistrate Judge Aboulhosn granted Mr. Brown's motion on November 17, 2022. [Doc. 163]. He determined that WVDOC Policy Directive 303 was relevant to Mr. Brown's case and that the protective order would adequately protect its confidentiality. *Id.* at 7-9. On December 1, 2022, Superintendent Francis objected, arguing that Magistrate Judge Aboulhosn failed to consider the security risks posed by production. [Doc. 172 at 5].

## II.

*Federal Rule of Civil Procedure* 72(a) provides that when a magistrate judge adjudicates a non-dispositive pretrial matter, a party may object to that ruling within 14 days after being served with a copy of the decision. The district judge must then consider the objections and "may modify or set aside any portion of a magistrate judge's non-dispositive ruling 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Berman v. Cong. Towers Ltd. P'ship-Section I*, 325 F. Supp. 2d 590, 592 (D. Md. 2004) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies to factual

2

findings, while legal conclusions will be rejected if they are 'contrary to law.'" *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 479 (D. Md. 2014) (quoting *MMI Prods. v. Long*, 231 F.R.D. 215, 218 (D. Md. 2005)).

A court's "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court is nevertheless left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948); *see also Harman v. Levin*, 722 F.2d 1150, 1152 (4th Cir. 1985). "The 'contrary to law' standard ordinarily suggests a plenary review of legal determinations, but many courts have noted that decisions of a magistrate judge concerning discovery disputes . . . should be afforded 'great deference.'" *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 (E.D. Va. 2010); *see also Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 438 (D. Md. 2005) (stating "substantial deference [is often given] to a magistrate judge in considering" a ruling on a non-dispositive motion). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Matthews v. Island Operating Company, Inc.*, No. 5:18CV97, 2019 WL 313194, at *2 (N.D. W. Va. Jan. 24, 2019) (citing *Detection Sys., Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y. 1982); *Shoop v. Hott*, No. 5:08CV188, 2010 WL 5067567, at *2 (N.D. W. Va. Dec. 6, 2010)).

### III.

Superintendent Francis argues that Magistrate Judge Aboulhosn erroneously failed to consider the security concerns of producing WVDOC Policy Directive 303 to Mr. Brown. [Doc. 172]. While not disputing that the document is relevant to Mr. Brown's claims,[1] he nevertheless

---

[1] Superintendent Francis states that Policy Directive 303 "may be relevant to [Mr. Brown's] Eighth

contends that such concerns counsel against production. *Id.*

Under *Federal Rule of Civil Procedure* 37(a)(3)(B), a party may move for an order compelling production if "a party fails to produce documents . . . as requested under Rule 34." *Federal Rule of Civil Procedure* 34 itself permits a party to make a request for production "within the scope of Rule 26(b)," and under *Federal Rule of Civil Procedure* 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In determining whether discovery is proportional, courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b).

Here, contrary to Superintendent Francis's assertion, Magistrate Judge Aboulhosn explicitly considered the security concerns of producing WVDOC Policy Directive 303, stating "the terms of the Protective Order will adequately protect the confidentiality of the document and the underlying purpose of the document being designated as 'Restricted Access.'" [Doc. 163 at 7]. Moreover, Superintendent Francis even acknowledges that the "Protective Order, if followed, would adequately protect the confidentiality of [WVDOC Policy Directive 303]." [Doc. 172 at 5]. Superintendent Francis's objection accordingly rests on his speculative concern that the information in Policy Directive 303 will be exposed through either a deliberate or accidental violation of the protective order. *Id.* The Court, however, declines to entirely withhold relevant documents from Mr. Brown based on such speculation.

At the same time, in order to mitigate the security concerns raised by

---

Amendment claims" and never explicitly disputes its relevance. [Doc. 172 at 5].

Superintendent Francis, the Court directs that WVDOC Policy Directive 303 shall be produced to Mr. Brown's custodian, who will then make it available for supervised inspection, during which time Mr. Brown may make handwritten notes summarizing its contents. Additionally, if Court inspection of the document is necessary at a later date for either briefing or trial purposes, Mr. Brown may request that the original be furnished to the Court by defense counsel for its review. Any violation of the protective order by Mr. Brown will warrant the imposition of a commensurate sanction, which likely would include the dismissal of his case.

## IV.

For the foregoing reasons, the Court **OVERRULES** Superintendent Francis's objection and **ORDERS** WVDOC Policy Directive 303 be disclosed consistent with this opinion.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: January 10, 2023

Frank W. Volk
United States District Judge